IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Lee Edward Hurd, Jr., ) | C/A No. 0:11-602-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Warden, FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, George Lee Edward Hurd, Jr. ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is incarcerated in the Federal Correctional Institution in Estill, South Carolina. At Petitioner's sentencing, he was designated as a career offender based on a prior drug conviction and a crime of violence, specifically aggravated assault and battery. Petitioner claims he is actually innocent of being a career offender "pursuant to Begay v. United States, 128 S.Ct. 1581 (2008), which redefined a violent felony." (ECF No. 1 at 4.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct

PJG

the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner was convicted by a jury in the United States District Court for the Middle District of Alabama ("Sentencing Court") on charges of possession with the intent to distribute cocaine base and cocaine. (ECF No. 1 at 3); United States v. Hurd, No. 2:96-cr-00077-001 (M.D. Ala. filed April 30, 1996). On October 17, 1996, he was sentenced to 327 months' imprisonment and 8 years of supervised release. Id. Petitioner was sentenced as a career offender pursuant to U. S. Sentencing Guidelines § 4B1.1, based on a prior drug conviction and a crime of violence—specifically aggravated assault and battery. (ECF No. 1-1 at 2.) Petitioner filed a direct appeal of his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"). (ECF No. 1 at 3.) The Petition states that the Eleventh Circuit affirmed his conviction on July 31, 1998. United States v. Hurd, No. 96-7060 (11th Cir. August 5, 1998).

Petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel (but unrelated to his current argument of innocence under the sentencing enhancement), and his § 2255 motion was denied by the Sentencing Court on November 16, 1999. (ECF No. 1 at 2.) Petitioner sought to appeal the denial of his § 2255 motion, and the Eleventh Circuit denied him a Certificate of Appealability on August 8, 2000. (Id.) Petitioner also filed a motion under 18 U.S.C. § 3582(c)(2) for reduction of his sentence based on retroactive application of Amendments 706 and 713 of the U.S. Sentencing Guidelines regarding lowering the base offense level for cocaine base (known



as crack cocaine). (ECF No. 1-1 at 2.) Petitioner's § 3582(c)(2) motion was denied based on his designation as a career offender. (Id.)

Petitioner now files this habeas action pursuant to 28 U.S.C. § 2241, arguing the "savings clause" of § 2255 applies to allow him to file a § 2241 petition because § 2255 is inadequate or ineffective to test the legality of his detention, and he cannot raise his grounds for relief under § 2255. Petitioner argues that he is actually innocent of being a career offender based on the United States Supreme Court's 2008 Begay decision, which he contends "redefined a violent felony." (Id. at 4.) Petitioner suggests that a "prior predicate offense used to designate Petitioner as a career offender cannot stand if the predicate is not a crime of violence or violent felony under the re-defined definition for those offenses." (Id. at 5.) Petitioner seeks to have his sentence vacated and reimposed without the career offender designation.

## DISCUSSION

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").

Petitioner is clearly attacking the validity of his federal sentence, and "it is well established that defendants convicted in federal court are obliged to seek habeas relief



from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) (*en banc*)). Petitioner's claim challenging his sentence should be brought under § 2255 unless Petitioner can satisfy the savings clause of § 2255. See San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002). The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir.1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test provided in In re Jones, 226 F.3d 328 (4th Cir.2000), which requires that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing



Guidelines, even as to a career criminal provision. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34).

No precedential legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense. Cf. United States v. Maybeck, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for resentencing). Petitioner claims the decision of the United States Supreme Court in Begay v. United States, 128 S.Ct. 1581 (2008), changed what constitutes a "violent crime" for purposes of prior crimes that may be used to enhance a federal sentence, and application of Begay's "new definition" to the prior crime used to enhance Petitioner's sentence requires a finding that Petitioner is not a career criminal. Petitioner's reliance on Begay, however, is misplaced, as Begay addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of Petitioner's activities, so it cannot be the basis under Fourth Circuit precedent for an argument that the § 2255 remedy is inadequate or ineffective. Similarly, Petitioner discusses two cases, United States v. McFalls, 592 F.3d 707 (6th Cir. 2010) and United States v. Palomino-Garcia, 2010 WL 2011038 (11th Cir. May 21, 2010), however neither of these cases were presented in a § 2241 habeas action, but were in fact direct appeals

PJG

in criminal cases challenging sentences. Finally, Petitioner discusses an Eleventh Circuit decision which held, in an appeal of a district court denial of a motion to reopen and amend a § 2255 motion, that the defendant was actually innocent of being a career offender and thus was entitled to habeas relief pursuant to the § 2255 savings clause. Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) (vacated 625 F.3d 716 (11th Cir. Nov. 3, 2010). However, not only is Gilbert an Eleventh Circuit case, which has no precedential value in this circuit, but the Eleventh Circuit recently vacated that opinion for the purpose of holding a rehearing *en banc*. See Gilbert v. United States, 625 F.3d 716 (2010). Thus, Petitioner fails to present any law that would allow this court to apply the savings clause to Petitioner's claim of actual innocence of a sentence classification rather than actual innocence of a conviction. Rather, Fourth Circuit law is to the contrary. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Petitioner has not established that § 2255 is inadequate or ineffective, and he has not raised a claim that may be presented in a § 2241 petition.

## RECOMMENDATION

Accordingly, the court recommends that the Petition for a writ of habeas corpus be dismissed without prejudice and without requiring a response by the Respondent.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 5, 2011
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).