IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Lee Edward Hurd, Jr., ) | Civil Action No.  0:11-cv-602-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner brought this action pursuant to 28 U.S.C. § 2241. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that the petition be summarily dismissed without issuance of process. The Petitioner has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner is clearly attacking the validity of his federal sentence, and "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc)). Petitioner's claim challenging his sentence should be brought under § 2255 unless Petitioner can satisfy the savings clause of § 2255. *See San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002).

The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test provided in *In re Jones*, 226 F.3d 328 (4th Cir.2000), which requires that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."

No precedential legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense. Petitioner claims the decision of the United States Supreme Court in *Begay v. United States,* 128 S.Ct. 1581 (2008), changed what constitutes a "violent crime" for purposes of prior crimes that may be used to enhance a federal sentence, and application of *Begay's* "new definition" to the prior crime used to enhance Petitioner's sentence requires a finding that Petitioner is not a career criminal. But *Begay* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of Petitioner's activities, so it cannot be the basis under Fourth Circuit precedent for an argument that the § 2255 remedy is inadequate or ineffective. Similarly, Petitioner discusses two cases, *United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010) and *United States v. Palomino-Garcia*, 2010 WL 2011038 (11th Cir. May 21, 2010), however neither of these cases were presented in a § 2241 habeas action, but were in fact direct appeals in criminal cases challenging sentences.

Finally, Petitioner discusses an Eleventh Circuit decision which held, in an appeal of a district court denial of a motion to reopen and amend a § 2255 motion, that the defendant was actually innocent of being a career offender and thus was entitled to habeas relief pursuant to the § 2255 savings clause. *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) (vacated 625 F.3d 716 (11th Cir. Nov. 3, 2010). However, not only is *Gilbert* an Eleventh Circuit case, but the Eleventh Circuit recently vacated that opinion for the purpose of holding a rehearing *en banc. See Gilbert v. United States*, 625 F.3d 716 (2010). Thus, Petitioner fails to present any law within this circuit that would allow this court to apply the savings clause to Petitioner's claim of actual innocence of a sentence

3

classification rather than actual innocence of a conviction. Rather, Fourth Circuit law is to the contrary. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Petitioner has not established that § 2255 is inadequate or ineffective, and he has not raised a claim that may be presented in a § 2241 petition.

## Conclusion

Based on the above, this Court dismiss the petition without issuance of process or requiring a response from Respondent.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 23, 2011
Charleston, South Carolina